Eastern District of Kentucky
F I L E D

JAN 2 5 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LONDON

CIVIL ACTION NO. 05-53-GWU

CARRIE M. WILSON,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI). The appeal is currently before the Court on cross-motions

for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Wilson

Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

Wilson

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

Wilson

First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Wilson

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Wilson

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

Wilson

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d

279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the

Commissioner's decision may be produced through reliance on this expert testimony

only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.   <u>Varley  v. Secretary of Health and Human</u>

<u>Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Wilson, a 24 year-old

former child caregiver with a "limited" education, suffered from impairments related

to a dysthymic disorder, a history of open reduction and internal fixation of the right

lower extremity with skin grafting, being status post drainage of epidural abscess,

being status post excision of sinus tract right medial calf with irrigation and

debridement of the wounds, and being status post elevation of the skin flap with

removal of orthopedic hardware.  (Tr. 18, 23).  While the plaintiff was found to be

unable to return to her past relevant work, the ALJ determined that she retained the

residual functional capacity to perform a restricted range of light level work.  (Tr. 28-

29).  Since the available work was found to constitute a significant number of jobs

in the national economy, the claimant could not be considered totally disabled  (Tr.

29). The ALJ based this decision, in part, upon the testimony of a vocational expert.

(Tr. 28).

7

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in evaluating Wilson's physical and mental conditions. However, the current record does not mandate an immediate award of Social Security benefits. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

In determining Wilson's physical status, the ALJ indicated that she relied in part upon the opinion of Dr. Christopher Prevel, a treating physician, who saw the claimant for the associated leg and back injuries suffered by the patient in an August, 1997 automobile accident. (Tr. 19-20). In May of 1998, Dr. Prevel released the plaintiff to return to work with no restrictions. (Tr. 321). The ALJ also cited the physical restrictions indicated by Dr. John Rawlings (Tr. 367-376) and Dr. James Ross (Tr. 377-387), the non-examining medical reviewers, which restricted Wilson to a limited range of light level work (Tr. 21). These later limitations were adopted by the ALJ as his residual functional capacity finding (Tr. 28) and presented to Vocational Expert James Miller (Tr. 455). The ALJ specifically rejected the opinion of Dr. Roger Lane (Tr. 23), another treating physician, who opined in July and October of 2001 that the plaintiff was totally disabled (Tr. 354, 356) and who identified severe, specific physical limitations in December of 2001 which would

8

restrict the claimant from performing the full range of sedentary level work (Tr. 360-
361).

As previously noted, Dr. Prevel issued his opinion in May of 1998. This was
one year prior to the May 1, 1999 onset date alleged by Wilson on her DIB
application (Tr. 61) and would not necessarily be an accurate assessment of the
plaintiff's condition during the relevant time frame due to its remoteness in time from
it. Even if Dr. Lane's opinion was not fully binding, he was still the only treating or
examining physician of record to address the issue of the plaintiff's work-related
restrictions during the pertinent time period.

The non-examining medical reviewers did not contradict Dr. Lane's findings.
An ALJ may rely upon the opinion of a non-examiner over that of an examining
source when the non-examiner clearly states the reasons for his differing opinion.
Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Dr. Rawlings, who saw the
record in January of 2002, merely indicated that he affirmed Dr. Ross' earlier findings
without articulating any reasons why Dr. Lane's opinion was not well supported. (Tr.
376). Dr. Ross did address the disability opinions of Dr. Lane, which he indicated
was an opinion for the Secretary. (Tr. 386). However, Dr. Ross, who saw the record
in November of 2001, had no opportunity to see and comment upon the December,
2001 specific functional limitations of Dr. Lane. The doctor also opined that Dr.
Lane's opinion would be entitled to "considerable weight" (Tr. 386) which suggests

9

Wilson

that significant consideration might have been given to the specific physical restrictions had they been available. Thus, this opinion does not support the administrative decision. The ALJ should at least have sought the advice of a medical advisor who had reviewed and commented upon the entire record, including Lane's specific restrictions.

The Court further notes that Dr. Ross makes reference to a January 12, 1999 report and residual functional capacity assessment from a Dr. Pugh. (Tr. 385). This report is not in the current record which is before the undersigned. (Tr. 1-5). Thus, the doctor has either relied upon a piece of evidence relating to a different claimant (making reliance upon him by the ALJ totally inappropriate) or an important piece of evidence available at the administrative level has not been included in the record for review by the Court. This problem should be addressed upon remand.

The ALJ also erred in evaluating Wilson's mental status. The only mental restriction presented in the hypothetical question was a "limited, but satisfactory" ability to deal with work stresses. (Tr. 455). However, Psychologist Gary Maryman, the only mental health professional to examine the plaintiff, also indicated that the plaintiff would need to avoid interacting and dealing with the public. (Tr. 366). This limitation would presumably have a significant impact on the cashiering and food counter jobs cited by the vocational expert and, so, should have been presented in

10

Wilson

the hypothetical question. Therefore, this provides a second ground to reverse and
remand the action to the administration.

The undersigned concludes that the administrative decision must be reversed
and the action remanded to the Commissioner for further consideration. Therefore,
the Court must grant the plaintiff's summary judgment motion in so far as such relief
is achieved and deny that of the defendant. A separate judgment and order will be
entered simultaneously consistent with this opinion.

This the ___25___ day of January, 2006.

G. WIX UNTHANK
SENIOR JUDGE

11